**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Civil Case Number:** _____

Jaclyn Murr,

              Plaintiff,

vs.

CheckRedi of Kentucky, LLC,

              Defendant.

**COMPLAINT**

For this Complaint, Plaintiff, Jaclyn Murr, by undersigned counsel, states as follows:

**JURISDICTION**

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4.  Plaintiff, Jaclyn Murr ("Plaintiff"), is an adult individual residing in Port Richey, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. Defendant, CheckRedi of Kentucky, LLC ("CheckRedi"), is a Kentucky business entity with an address of 406 Park Place, Lexington, Kentucky 40511, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to Cumberland Farms (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to CheckRedi for collection, or CheckRedi was employed by the Creditor to collect the Debt.

9. CheckRedi attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CheckRedi Engaged in Harassment and Abusive Tactics

10. On or about May 18, 2018, CheckRedi contacted Plaintiff in an attempt to collect the Debt.

11. Plaintiff repeatedly instructed CheckRedi to cease all calls to her.

12. However, CheckRedi continued to place calls to Plaintiff in an attempt to collect the Debt.

13. Additionally, on or about May 24, 2018, CheckRedi made an unauthorized withdrawal from Plaintiff's bank account.

14. Thereafter, CheckRedi proceeded to make 3 additional unauthorized withdrawals from Plaintiff's bank account.

## C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 et seq.

24. Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

25. Plaintiff maintained an "account" as that term is defined in 15 U.S.C. § 1693a(2).

26. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

27. Defendant violated 15 U.S.C. § 1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing Plaintiff any benefit.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

29. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, 559.55-559.785

30. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

31. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or

harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

32. Plaintiff is entitles to damages as a result of Defendants violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1693m(a)(3), and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1); and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 8, 2019

Respectfully submitted,

By   */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com